UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14-CV-00116

JAMES McCORD and EDITH McCORD                               PLAINTIFFS

v.

RESURGENT MORTGAGE SERVICING, a/k/a
RESURGENT CAPITAL SERVICES, L.P.

and

BANK OF AMERICA, N.A.                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

In this action, the Plaintiffs allege that Resurgent Mortgage Servicing ("Resurgent") and Bank of America, N.A. ("BOA") violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The Plaintiffs also bring fraud and negligent misrepresentation claims. This matter is before the Court on Resurgent's Motion to Dismiss [DN 15] and BOA's Motion to Dismiss [DN 6]. This matter is also before the Court on the Plaintiffs' Motion to File their First Amended Complaint [DN 14] and their Motion to Strike and Substitute Document [DN 16]. Fully briefed, this matter is ripe for decision. For the following reasons, Resurgent's motion is **DENIED**, BOA's motion [DN 6] is **DENIED**, and the Plaintiffs' motions [DNs 14, 16] are **GRANTED**.

### I. BACKGROUND

In their initial complaint in this action, the Plaintiffs allege that on October 19, 2005, they executed a note and mortgage on their home with Countrywide Home Loans, Inc. (Compl. [DN 1-2] ¶ 9.) At some point, the note became in default. Thereafter, on August 5, 2008, the Bank of

New York brought a state-court action for foreclosure and judicial sale of the Plaintiffs' home. (Id. ¶ 11.) The Plaintiffs moved to dismiss the action on the grounds that the Bank of New York did not have standing, as the Bank did not produce a copy of the note on the Plaintiffs' home. (Id. ¶ 12.) In response, the Bank of New York produced a document that included an endorsement and assignment of the note to it. (Id. ¶ 13.) Thereafter, on February 27, 2009, the Bank of New York moved to substitute Countrywide Home Loans Servicing, LP ("Countrywide") as the plaintiff, as it had assigned the note to Countrywide. (Id. ¶ 15.) The court granted this motion and ultimately awarded summary judgment to Countrywide. (Id. ¶ 18.)

On January 22, 2012, the Plaintiffs filed for bankruptcy. (Id. ¶ 20.) The Plaintiffs listed BOA as one of their creditors, as BOA had purchased Countrywide. (Id. ¶ 21.) On September 25, 2012, the bankruptcy court issued an order of discharge. The Plaintiffs did not reaffirm their loan with BOA or any other lender. (Id. ¶ 21-22.) In late April or early May of 2013, the Plaintiffs received notice that their home was scheduled to be sold at a public auction on May 21, 2013. (Id. ¶ 23.) The Plaintiffs allege that around the same time, Resurgent contacted them by phone and told them that Resurgent had purchased their loan from BOA. (Id. ¶¶ 24-25.)

In this phone call, Resurgent told the Plaintiffs that their home would not be auctioned off and that the payment due was approximately $895. Resurgent then sent the Plaintiffs a statement showing a current balance due of $895.20. (Id. ¶¶ 27-28.) The Plaintiffs allege that they mailed Resurgent a payment of $895.20, which Resurgent accepted. Thereafter, the Plaintiffs continued to make payments. Resurgent, however, returned the payments to them. The Plaintiffs allege that Resurgent contacted them for the purpose of inducing them to pay on their BOA loan, despite the fact that the loan was discharged in their Chapter 7 bankruptcy, preying on their desire to keep their home. The Plaintiffs state that Resurgent falsely led them to believe that they would be able

to keep their home if they made the payments set forth in the account statement. Resurgent knew, however, that the Plaintiffs could not stay in their home despite making the payments. (Id. ¶¶ 36-37, 2.) The Plaintiffs state that on information and belief, Resurgent is the servicer of the Plaintiffs' loan with BOA and was acting on behalf of BOA at all times. (Id. ¶ 26.)

## II. Procedural Background

On February 19, 2014, BOA moved to dismiss the Plaintiffs' complaint. BOA argues that there is no basis in the complaint under which it could be held liable, as "Resurgent purchased the servicing rights, Resurgent serviced Plaintiffs' loan during the relevant times, and all of the alleged conduct that forms the basis of Plaintiffs' claims is directed at Resurgent." (BOA's Mem. in Supp. of Mot. to Dismiss [DN 6-1] 1.) Thereafter, on March 31, 2014, the Plaintiffs moved to file their First Amended Complaint, which includes additional allegations regarding the timing of Resurgent's communications with, and alleged false representations to, the Plaintiffs. (See Pls.' Mot. to File their 1st Am. Compl. [DN 14] 2.) That same date, Resurgent filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (See Resurgent's Mot. to Dismiss for Fail. to State a Cl. [DN 15].) Soon thereafter, on April 2, 2014, the Plaintiffs moved to strike the tendered First Amended Complaint [DN 14-2] and substitute an updated First Amended Complaint [DN 16-1]. The proposed updated complaint is in response to Resurgent's motion to dismiss, as well as in response to the Plaintiffs' receipt of a notice that their home had been scheduled for judicial sale on April 8, 2014. (Mot. to Strike & Substitute Doc. [DN 16] 1.)

The Court will first consider the Plaintiffs' motion to strike and substitute [DN 16], as well as their motion to file an amended complaint [DN 14]. The Court will then consider BOA's motion to dismiss [DN 6] and Resurgent's motion to dismiss [DN 15].

### III. DISCUSSION

After moving to amend their complaint, but before BOA or Resurgent responded to their motion to amend, the Plaintiffs moved to strike the tendered First Amended Complaint [DN 14-2] and substitute an updated First Amended Complaint [DN 16-1]. The Plaintiffs' motion to strike and substitute [DN 16] is **GRANTED**. Thus, the Court will consider the updated First Amended Complaint [DN 16-1] when deciding whether the Plaintiffs shall be granted leave to amend.

#### A. PLAINTIFFS' MOTION TO FILE FIRST AMENDED COMPLAINT [DN 14]

The Plaintiffs have filed a motion for leave to file their First Amended Complaint [DN 14]. This motion is governed by Fed. R. Civ. P. 15(a)(2), which states that absent the opposing party's consent, the Plaintiffs may not amend their pleading without the Court's leave. A court should "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But the court "should deny a motion to amend where the proposed amended complaint could not withstand a Fed. R. Civ. P. 12(b)(6) motion." Massingill v. Ohio Adult Par. Auth., 28 Fed. App'x 510, 511 (6th Cir. 2002) (citation omitted). In other words, a court "may deny a plaintiff leave to amend . . . when the proposed amendment would be futile." Kottmyer v. Maas, 436 F.3d 684, 692 (6th Cir. 2006).

The proposed First Amended Complaint alleges that on April 23, 2013, the "Resurgent employee or representative who called the McCords identified herself as 'Tanqunera' [and] told the McCords that Resurgent had purchased their home loan from Bank of America." (1st Am. Compl. [DN 16-1] ¶¶ 24-25.) The First Amended Complaint further alleges that the Plaintiffs both "understood and believed . . . Tanqunera's representation that if they began making mortgage payments of $895.00 a month, [they] would be allowed to retain and remain in their home for as long as they continued to make timely payments of $895.00 a month." (Id. ¶ 32.) The Plaintiffs allege that "[a]s the servicer of the McCords' home loan and mortgage, Resurgent was acting as

Bank of America's agent." (Id. ¶ 29.) The Plaintiffs also allege that under the facts of the case, "both Resurgent and Bank of America are debt collectors within the meaning of the FDCPA, because the McCords' mortgage was undeniably in default when Bank of America acquired the McCord's mortgage from the Bank of New York and the McCord's mortgage was in default when Resurgent began servicing the McCords' mortgage." (Id. ¶ 51.) Finally, the Plaintiffs' First Amended Complaint includes the additional allegation that the Plaintiffs received a notice that their home was scheduled for judicial sale on April 8, 2014. (Id. ¶ 52.)

Resurgent and BOA each oppose the proposed amendment. In so doing, they argue that the amendment would be futile, as it does not remedy the deficiencies in the Plaintiffs' original complaint. (See Resurgent's Mem. in Opp. to Pls.' Mot. for Leave to Am. [DN 20] 2 (arguing that the First Amended Complaint "does not remedy the key problem with their original complaint—a failure to plead sufficient facts for this Court to reasonably infer Resurgent's liability under the causes of action asserted"); BOA's Resp. in Opp. to Pls.' Mot. to File 1st Am. Compl. [DN 21] 2 (arguing that the Plaintiffs should not be granted leave because the "proposed amended complaint repeats the same allegations as the original complaint and is deficient for the same reasons").) In addition, Resurgent argues that allowing the Plaintiffs to amend is unnecessarily prejudicial, as "Resurgent has filed a meritorious motion to dismiss the McCords' claims" and an amendment would "invite yet another meritorious motion to dismiss under Rule 12(b)(6) from Resurgent." (Resurgent's Mem. in Opp. to Pls.' Mot. for Leave to Am. [DN 20] 1.)

The Court, however, finds that the proposed amendment is not futile, as the First Amended Complaint contains additional facts that permit the Plaintiffs' claims to survive a Rule 12(b)(6) motion to dismiss. Moreover, the Court finds that granting leave to the Plaintiffs is not unfairly prejudicial to Resurgent, as the parties are still in the earliest stages of this litigation and outside

5

of ordinary litigation expenses, Resurgent will not be required to "expend significant additional resources to conduct discovery and prepare for trial." Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994). Therefore, the Plaintiffs' motion for leave [DN 14] is **GRANTED**.

### B. BOA'S MOTION TO DISMISS [DN 6]

BOA has moved to dismiss the Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiffs," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir.2007) (citation omitted), accepting all of the plaintiffs' allegations as true. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiffs must provide the grounds for their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiffs satisfy this standard when they "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts that are merely "consistent with a defendant's liability" or if the facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678–79. The allegations must "'show[] that the pleader[s] [are] entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In this case, BOA argues that there is no basis in the complaint under which it could be held liable because "Resurgent purchased the servicing rights, Resurgent serviced Plaintiffs' loan during the relevant times, and all of the alleged conduct that forms the basis of Plaintiffs' claims is directed at Resurgent." (BOA's Mem. in Supp. of Mot. to Dismiss [DN 6-1] 1.) According to BOA, the Court does not have to (and should not) accept the Plaintiffs' "conclusory allegations" that Resurgent was the servicer of the Plaintiffs' loan and that "Resurgent was acting on behalf of

Bank of America." (Id. at 5 (referencing ¶ 26 of the original complaint [DN 1-2], the content of which is re-worded and re-numbered as ¶ 29 in the First Amended Complaint [DN 16-1]).)

In their response, the Plaintiffs state that based on the arguments raised in BOA's motion to dismiss, they "apparently sued the wrong principle [*sic*] for the loan servicer-agent's torts and violations of the Fair Debt Collection Practices Act" and their "claims against BOA should be dismissed on grounds that the McCords sued the wrong party." (See Pls.' Resp. to BOA's Mot. to Dismiss [DN 12] 1.) The Plaintiffs argue that "BOA in a roundabout way argues that it is not the owner of [*sic*] holder of the note and/or mortgage on the McCords' home." As such, they "should have sued The Bank of New York." (Id. at 2.) The Plaintiffs also imply, however, that if BOA is the note's owner and holder, then it can be held vicariously liable for Resurgent's alleged actions. (See Pls.' Reply in Supp. of Mot. to File 1st Am. Compl. & Mot. to Strike & Sub. [DN 22] 1.)

The Court finds that in this case, it must accept the Plaintiffs' factual allegations as true. Thus, it will accept the Plaintiffs' allegation that BOA is the owner or holder of the note on the Plaintiffs' home. (1st Am. Compl. [DN 16-1] ¶ 28.) Since "a mortgage holder is a lender which owns a homeowner's mortgage whereas a servicer is a separate entity that acts as the mortgage holder's agent to collect payments due on the mortgage," Thomas v. U.S. Bank Nat'l Ass'n, 474 B.R. 450, 452 (D.N.J. 2012), the Court will not cursorily dismiss the Plaintiffs' claims against BOA on the general ground that there are no factual allegations against it. BOA argues, however, that the Court must still dismiss the Plaintiffs' claims. BOA argues that the Plaintiffs' FDCPA claims must be dismissed since it is not a "debt collector." It also argues that the Plaintiffs' fraud and misrepresentation claims must be dismissed since the complaint lacks particularity.

**FDCPA.** By enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors . . . ." 15 U.S.C. § 1692a(e). The FDCPA defines a "debt collector" as

"any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." Id. § 1692a(6). Notably, the FDCPA specifically excludes from this definition "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent that such activity . . . (ii) concerns a debt that was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person . . . ." Id. § 1692a(6)(F). Therefore, as a general rule, creditors (which are defined by 15 U.S.C. § 1692a(e) as persons who offer or extend credit, creating a debt), lenders, mortgagees, and mortgage servicing companies are exempt from liability under the FDCPA. See, e.g., Karl v. Quality Loan Serv. Corp., 759 F. Supp. 2d 1240, 1248 (D. Nev. 2010) (noting that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA"); Scott v. Wells Fargo Home Mort., Inc., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) (noting that "creditors, mortgagees, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA"); Girgis v. Countrywide Home Loans, Inc., 733 F. Supp. 2d 835, 848-49 (N.D. Ohio 2010) (holding that the defendants were creditors, and not debt collectors, as the plaintiffs' loans were originated and serviced by them).

BOA argues that here, it is a creditor, originator, and initial servicer of the Plaintiffs' loan and, therefore, it is not subject to the FDCPA. In this respect, BOA argues that the Plaintiffs' loan originated with Countrywide, (1st Am. Compl. [DN 16-1] ¶ 8), and BOA purchased Countrywide in 2008. (Id. ¶ 20.) The Court finds that BOA's argument might be persuasive and entitle it to dismissal **if** it were clear from the First Amended Complaint that BOA succeeded by merger to Countrywide Home Loans, Inc., the original lender on the Plaintiffs' loan. (Id. ¶ 8.) In this respect,

it would not matter if the merger occurred after the Plaintiffs defaulted on the subject debt. The FDCPA states that persons are not "debt collectors" if the activity "concerns a debt which was not in default at the time it was **obtained** by such person." 15 U.S.C. § 1692(6)(F)(iii)(emphasis added). Several courts have thus held that "when a defendant company acquires a debt through its merger with a previous creditor of the plaintiff rather than via a specific assignment, the debt was not 'obtained' while it was in default; thus, the defendant company was not a debt collector under the FDCPA." Esquivel v. Bank of America, N.A., No. 2:12-CV-02502, 2013 WL 682925, at *2 (E.D. Cal. Feb. 21, 2013); see Meyer v. Citimortgage, Inc., No. 11-13432, 2012 WL 511995, at *7 (E.D. Mich. Feb. 16, 2012) ("[The defendant] is the successor by merger to . . . the originating lender and mortgagee, and therefore it is impossible for the loan to have been in default at the time [the defendant] received its interest.")

Here, though, the First Amended Complaint is **not** clear that BOA succeeded by merger to Countrywide Home Loans, Inc. Instead, it appears that the note was assigned to Countrywide Home Loans Servicing, LP, after the debt was in default. (1st Am. Compl. [DN 16-1] ¶ 14, 16.) Moreover, it seems that BOA purchased or merged with "Countrywide Financial." (Id. ¶ 20.) There is no allegation that these companies are the same as Countrywide Home Loans, Inc. The Court thus finds that at this time, dismissal is inappropriate. When the facts are construed in the light most favorable to the Plaintiffs, the Plaintiffs have alleged that BOA is a "debt collector," as it merged with a company other than the original lender, which company purchased the note while it was in default. BOA's motion to dismiss [DN 6] is **DENIED** in part.[1]

---

[1] The Court notes that if it is later determined that BOA is not a "debt collector" within the meaning of the FDCPA, it is doubtful that BOA can be held vicariously liable for Resurgent's FDCPA violations. The Sixth Circuit has held:
> We do not think it would accord with the intent of Congress, as manifested in the terms of the [FDCPA], for a company that is *not* a debt collector to be held vicariously liable for a collection suit filing that violates the [FDCPA] only because the filing attorney is a "debt collector." Section 1692 imposes liability only on a "*debt collector* who fails to comply with [a] provision of this

9

**Fraud and Misrepresentation.** BOA argues that the Plaintiffs' fraud and misrepresentation claims fail as to it, as those claims arise from alleged statements made by Resurgent concerning the loan's payments and status. The Plaintiffs do not specifically respond to this argument. The Court finds, however, that the Plaintiffs have sufficiently pleaded fraud and misrepresentation claims at this stage in the litigation. As noted above, the Court must accept as true the Plaintiffs' factual allegation that BOA is the owner or holder of the note on the Plaintiffs' home. The First Amended Complaint thus contains allegations that an agency relationship existed between BOA and Resurgent, with Resurgent acting on BOA's behalf when it contacted the Plaintiffs. This is all that is required at this point. BOA's motion to dismiss [DN 6] is **DENIED** on this issue.

### C. RESURGENT'S MOTION TO DISMISS [DN 15]

Resurgent has also moved to dismiss the Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). Resurgent argues that the Plaintiffs have not alleged facts for this Court to infer that it could be liable under the FDCPA, as no facts indicate that it "made any false or deceptive representations to them, nor that Resurgent engaged in any unfair or unconscionable debt collection activity." (Resurgent's Mot. to Dismiss for Fail. to St. Cl. [DN 15] 1.) Resurgent also argues that the Court should not exercise supplemental jurisdiction over the Plaintiffs' state claims—and that if it does, the claims should nevertheless be dismissed for insufficient facts. (Id. 1-2.)

**FDCPA.** To state a claim for relief under the FDCPA, the plaintiff must allege sufficient facts to show that: (i) the plaintiff is a "consumer" under the FDCPA; (ii) the "debt" arises out of a transaction, the purpose of which is "primarily . . . personal, family or household"; (iii) the defendant is a "debt collector" under the FDCPA; and (iv) the defendant violated the FDCPA's prohibitions against specific forms of "debt collection communication and/or activity." Wallace

---

subchapter . . . ." 15 U.S.C. § 1692k(a). The plaintiffs would thus have us impose liability on non-debt collectors too. This we decline to do.

Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996).

v. Wash. Mutual Bank, F.A., 683 F.3d 323, 326 (6th Cir. 2012). Here, Resurgent does not dispute that the Plaintiffs have alleged facts to satisfy the first three elements. Resurgent argues instead that the Plaintiffs have failed to allege facts that it violated the FDCPA's provisions.

Resurgent argues that rather than alleging facts from which it could be inferred that it "led the McCords astray and unfairly manipulated their fear of losing their home," it is clear from the factual allegations that "the McCords received what they bargained for—a stay of the judicial sale of their home that continues more than a year after Resurgent contacted them, while the covenants and agreements in their unreleased mortgage remain in full force and effect." (See Resurgent's Mot. to Dismiss for Fail. to St. Cl. [DN 15] 6-7.) Resurgent argues that the Plaintiffs simply have not alleged facts to indicate that it violated either § 1692e or § 1692f.

*§ 1692e.* Section 1692e states that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In specific, § 1692e(5) bars a debt collector from making a "threat to take any action that cannot legally be taken or that is not intended to be taken," § 1692e(2)(A) bars a debt collector from misrepresenting the "character, amount, or legal status of any debt," and § 1692e(10) bars a debt collector from "[t]he use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer." Id. Resurgent argues that the telephone call at issue in the complaint did not contain any threats. Further, Resurgent argues that the McCords do not allege that their mortgage was released or that Resurgent's employee represented that the Plaintiffs remained personally liable on their mortgage despite their prior bankruptcy discharge.[2]

---

[2] In this respect, Resurgent argues that a mortgagor's bankruptcy discharge eliminates *in personam* liability for the promissory note given to obtain a mortgage loan. 11 U.S.C. § 524(a). However, a mortgagee's security interest in the property survives, Johnson v. Home St. Bank, 501 U.S. 78, 82-83 (1991), and payment is a term of a mortgage. Resurgent argues that a bankruptcy discharge "does not give the McCords a free house." Thus, to avoid foreclosure and a sale of their property, the Plaintiffs would have been required to continue to make payments.

The Court finds, however, that the Plaintiffs have alleged facts from which a jury could reasonably find that Resurgent violated § 1692e. The Plaintiffs have alleged that in the April 23, 2013 telephone call, Resurgent's employee "Tanqunera" falsely represented that they were liable on their home loan—and that if they began making timely mortgage payments of $895.00 per month, they would be allowed to remain in their home. When these allegations are taken as true, and inferences are drawn in the Plaintiffs' favor, it is clear that the Plaintiffs allege that Resurgent made a "false, deceptive, or misleading representation" in violation of § 1692e. As the Plaintiffs correctly note, "[a] demand to collect a discharged debt is considered a false collection activity under Section 1692e(2)(A)." <u>Miller v. Allied Interstate, Inc.</u>, No. 04-C-7126, 2005 WL 1520802, at *1 (N.D. Ill. June 27, 2005). In this case, the Plaintiffs allege that Resurgent implied that the Plaintiffs owed $895.00 on discharged debt, and that if they paid it, they could keep their home.

*§ 1692f.* Section 1692f states that a debt collector "may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f(1). Section 1692f is deemed violated if the debt collector engages in "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." <u>Id.</u> Resurgent argues that there are no allegations that it violated § 1692f, as the terms of the Plaintiffs' mortgage remained in effect, regardless of the fact that their personal obligations on their promissory note had been discharged. Resurgent also argues that by making payments that were sufficient to comply with the terms of the Plaintiffs' mortgage, the Plaintiffs were enabled to avoid a judicial sale of their home. Resurgent argues that because the McCords' agreement with the initial lender under the mortgage "expressly authorizes" payment, and necessarily withstands their bankruptcy discharge

in the absence of a judicial sale and release of the mortgage, the Plaintiffs have not stated a claim against Resurgent under § 1692f(1).

The Court disagrees. In essence, Resurgent attempts to argue that its alleged efforts to collect payment were permissible because the mortgagee's interest in the property survived the bankruptcy proceedings. To be sure, a mortgagee's security interest in the property does survive a bankruptcy, notwithstanding the discharge of the mortgagor's personal liability. See Johnson v. Home State Bank, 501 U.S. 78, 82-83 (1991) (citing 11 U.S.C. § 522(c)). Further, the FDCPA does draw a distinction between general debt collection and enforcement of a security interest. See Kaltenbach v. Richards, 464 F.3d 524, 527 n.3 (5th Cir. 2006). "A person whose business has the principal purpose of enforcing security interests but who does not otherwise satisfy the definition of debt collector is subject only to § 1692f(6) [which prohibits certain non-judicial repossession abuses]." Id. at 527. However, as noted by the court in Donnelly-Tovar v. Select Portfolio Serv., Inc., several Circuit Courts of Appeal have recently applied the FDCPA to cases involving mortgage foreclosures. 945 F. Supp. 2d 1037, 1045-46 (D. Neb. 2013) (citing cases). The Sixth Circuit has even chimed in on the issue, holding that a mortgage loan servicer can be either a "creditor" or a "debt collector" but cannot "define itself out of either category," and was a debt collector in that case. Bridge v. Ocwen Fed. Bank, FSB, 681 F.3d 355, 362 (6th Cir. 2012). Indeed, the Sixth Circuit has held that FDCPA coverage is not defeated by clever arguments for technical loopholes that seek to devour the protections Congress intended. See id. at 361.

In Donnelley-Tovar, the court considered an argument similar to the one Resurgent makes and found that the plaintiffs' complaint set forth sufficient facts to state a claim for an FDCPA violation. The plaintiff alleged that the defendant was a debt collector and that it obtained an interest in the debt after it was in default. 945 F. Supp. 2d at 1047. The defendant had sent a letter

13

asking for money, and implying that payment was obliged, in attempt to collect the underlying loan debt, despite the fact that the plaintiff's debt had been discharged in Chapter 7 bankruptcy. Id. The Court found that in light of the defendant's letter, "an unsophisticated consumer would be uncertain of the nature and amount of debt she actually owed, unaware of the consequences of either payment or nonpayment, and would be left 'scratching [her] head upon receipt of such a letter.'" Id. (citation omitted). In this case, the Court finds that a similar rationale is applicable. The Plaintiffs have alleged that their mortgage obligation was discharged in bankruptcy. Thus, the Court finds that they have validly stated an FDCPA claim. Resurgent's motion to dismiss [DN 15] is **DENIED** on this issue. Other courts have reached similar conclusions. See, e.g., Rios v. Bakalar & Assocs., P.A., 795 F. Supp. 2d 1368, 1369-70 (S.D. Fla. 2011) (finding that a debtor stated an FDCPA claim against a debt collector in alleging that the debt collector made false or misleading representations when it attempted to collect debts that were discharged in bankruptcy); Wagner v. Ocwen Fed. Bank, FSB, No. 99-C-5404, 2000 WL 1382222, at *1-3 (N.D. Ill. Aug. 28, 2000) (concluding that the Bankruptcy Code did not preclude the plaintiff from bringing an FDCPA claim, as the plaintiff alleged that the defendant had improperly asked her to repay her mortgage loan after the loan had been discharged in bankruptcy).

**Fraud and Misrepresentation.** Because the Court has found that the Plaintiffs have sufficiently pleaded an FDCPA claim, the Court rejects the argument that it lacks supplemental jurisdiction over the Plaintiffs' non-federal claims. But Resurgent also argues that the Plaintiffs' non-federal claims must be dismissed under Rule 12(b)(6). In this respect, Resurgent argues that according to the complaint's allegations, "the McCords made a one-time payment of $895.20 to effect a stay of a judicial sale of their home, and received the benefit of a stay that continues to this day. The McCords do not allege facts to indicate (i) that Resurgent promised them they could

resume payments, (ii) that Resurgent sent them any further payment statements beyond the initial payment statement, nor (iii) that Resurgent falsely represented that they remained personally liable on their debt." (Resurgent's Mot. to Dismiss for Fail. to St. Cl. [DN 15] 11.)

The Court finds, however, that Resurgent's argument is based on a mischaracterization of the complaint's allegations. The complaint makes clear that the Plaintiffs have not alleged that they were bargaining for a stay of a judicial sale. Instead, the complaint alleges that the Plaintiffs paid Resurgent due to its representation that it would accept regular mortgage payments from the Plaintiffs, such that they could stay in their home permanently if they continued to make timely payments. The Plaintiffs have alleged that Resurgent implied that they owed around $895.00 per month on their mortgage. Therefore, Resurgent's first argument is without merit.

Second, Resurgent argues that the Plaintiffs do not allege that they have been injured. According to Resurgent, the Plaintiffs made a one-time payment of $895.20 that has enabled them to avoid a judicial sale of their property for over a year. Resurgent argues that this is not a legally cognizable injury. However, the Court finds that the complaint sufficiently alleges that the Plaintiffs were injured, as the Plaintiffs made payments that they were not obligated to make. The Plaintiffs also allege that their home has been scheduled for a judicial sale, despite the fact that they attempted to make additional payments to Resurgent, in accordance with its instructions.

Finally, Resurgent argues that the Plaintiffs have not stated a valid misrepresentation claim under Kentucky law. According to Resurgent, while Kentucky recognizes the existence of the tort, it does so only in a business context when both parties engage in a business transaction:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information **for the guidance of others in their business transactions,** is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

15

Presnell Constr. Managers, Inc. v. EH Constr., LLC, 134 S.W.575, 580 (Ky. 2004) (citing the Restatement (2d) of Torts § 552) (emphasis added). Resurgent argues, without citation, that the Plaintiffs' claim for negligent misrepresentation must be dismissed under this standard, as the Plaintiffs do not allege the existence of a business transaction with Resurgent. In other words, Resurgent argues that the Plaintiffs fail to allege that it made any representations to guide the Plaintiffs in a business transaction. Instead, the Plaintiffs allege that the loan covered their personal residence (and thus was not a business loan). According to Resurgent, any alleged false information Resurgent supplied the Plaintiffs is accordingly not actionable under Kentucky law.

In response, the Plaintiffs counter, without citation, that Resurgent contacted the Plaintiffs as a normal part of its business as a loan servicer—and that Resurgent clearly had a pecuniary interest in the loan and mortgage. The Plaintiffs argue that this is sufficient under Kentucky law to support a negligent misrepresentation claim, as the debt was incurred pursuant to a business transaction between a bank and its borrower.

Unfortunately, "Kentucky case law gives very little guidance with respect to claims of negligent misrepresentation." Goldman Servs. Mech. Contracting, Inc. v. Citizens Bank & Trust Co. of Paducah, Inc., 9 F.3d 107 (Table), 1993 WL 428641, at *2 (6th Cir. Oct. 21, 1993). The Court finds, however, that the Plaintiffs' position is more persuasive. The Plaintiffs have alleged that Resurgent supplied false information for the Plaintiffs' guidance in their business transaction of borrowing money from the bank and satisfying their mortgage obligation. The parties have failed to cite, and the Court has been unable to find, any Kentucky cases dismissing a negligent misrepresentation claim on the grounds that the transaction at issue was a personal or consumer loan, as opposed to a business loan. The Court has found, however, a Kentucky case where the court addressed a negligent misrepresentation claim in the context of a bank that allegedly failed

to reveal to the plaintiffs the absence of any restrictions as to the use of the residential properties purchased by the plaintiffs. Lamb v. Branch Banking & Trust Co., 2009 WL 4876796, at *1-2 (Ky. App. Dec. 18, 2009). The court granted motions in favor of the bank on the ground that the plaintiffs failed to demonstrate justifiable reliance. Id. However, the court did not indicate that a distinction should be drawn between loan transactions for personal uses and loan transactions for business loans. In fact, the court cited and discussed another case involving a loan transaction for personal uses, Danca v. Taunton Savings Bank, 429 N.E.2d 1129 (Mass. 1982), in which a bank was held liable under a misrepresentation theory. Id. at *4. The Court finds that this indicates that the Plaintiffs' position is more persuasive. Courts do not appear to distinguish between personal or consumer loans and business loans. Thus, the Plaintiffs' negligent misrepresentation claim will not be dismissed on that basis. The Plaintiffs have adequately pleaded fraud and negligent misrepresentation claims. Resurgent's motion [DN 15] is accordingly **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, and consistent with the Court's conclusions, **IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Strike and Substitute Document [DN 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion to File their First Amended Complaint [DN 14] is **GRANTED**.

**FURTHER** that BOA's Motion to Dismiss [DN 6] is **DENIED**.

**FURTHER** that Resurgent's Motion to Dismiss [DN 15] is **DENIED**.

                                                **Joseph H. McKinley, Jr., Chief Judge**
                                                   United States District Court

cc: counsel of record                                                                          August 20, 2014