# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | | |
|---|---|---|
| James & Edith McCord<br>    *Plaintiffs* | ) ) ) | |
| v. | ) ) | Case No.     3:14-cv-00116-JHM-DW |
| Resurgent Mortgage Servicing<br>Assumed name for<br>Resurgent Capital Services L.P.<br>    *Defendant* | ) ) ) ) ) | |
| Bank of America, N.A.<br>    *Defendant* | ) ) ) | |

## FIRST AMENDED COMPLAINT
## and DEMAND for JURY TRIAL

### INTRODUCTION

1. This is an action by consumers seeking damages and declaratory relief for Defendant's fraud, negligent misrepresentations, and violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

2. Acting on behalf of Defendant Bank of America, N.A., Defendant Resurgent Mortgage Servicing preyed on Plaintiffs James and Edith McCord's desire to keep their home. Resurgent sent the McCords a payment notice for their mortgage. This came as a surprise to the McCords, because they had lost their legal fight to keep their home from foreclosure. In fact, their home was scheduled for judicial sale when they received Resurgent's notice.

3. The McCords contacted Resurgent and were told that Resurgent had taken over their loan and that the payment amount on the notice was currently due. The McCords paid the

amount of the notice. Resurgent received and accepted the McCords' payment. The payment increased the next month, ostensibly to cover a deficit in the McCords' escrow account. The McCords made the next payment, which Resurgent inexplicably refused to accept.

## PARTIES

3. Plaintiffs James and Edith McCord are natural persons who resides in Jefferson County, Ky. Plaintiffs are "consumers" within the meaning of the FDCPA, as defined at 15 U.S.C. §1692a(3).

4. Defendant Resurgent Mortgage Servicing is an assumed name partnership for Resurgent Capital Services L.P., Alegis Group L.P., and Resurgent Capital Services L.P. Resurgent has registered with the Kentucky Secretary of State. Resurgent's principal place of business is located at 55 Beattie Place, Suite 110, MS 425, Greenville, SC 29601.

5. Under the facts of this case, Resurgent is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

6. Bank of America, N.A. is a national bank with its principal office and headquarters located at 100 North Tryon St, Charlotte, NC 28202.

7. Under the facts of this case, Bank of America is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. On October 19, 2005, the McCords executed a note and mortgage on their home with Countrywide Home Loans, Inc.

9. The McCords used the proceeds from the loan on their home for personal, family, or household purposes making the loan a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

10. On August 5, 2008, the Bank of New York brought an action for foreclosure and judicial sale of the McCords' home.

11. The McCords moved to dismiss the foreclosure action on grounds that the Bank of New York did not produce a copy of the note on the McCords home and thus failed to show that it had standing to bring suit.

12. In response to the motion to dismiss, the Bank of New York produced an undated document that included an indorsement and assignment of the note on the McCords home from Countrywide Home Loans, Inc. to the Bank of New York.

13. Upon information and belief, the note and loan on the McCords' home was in default when Countrywide Home Loans, Inc. indorsed and assigned the note to the Bank of New York.

14. On February 27, 2009, the Bank of New York moved to file an amended complaint and to substitute Countrywide Home Loans Servicing, LP ("Countrywide") as the party plaintiff on grounds that Countrywide was the current assignee of the note and was the real party in interest.

15. In support of its motion to file an amended complaint, the Bank of New York produced a document dated January 6, 2009 that included an assignment of the note and mortgage from the Bank of New York to Countrywide.

16. The note was clearly and plainly in default when the Bank of New York assigned the note and mortgage to Countrywide on January 6, 2009.

17. The state court eventually awarded summary judgment to Countrywide.

18. The McCords appealed the summary judgment to the Kentucky Court of Appeals, but lost the appeal.

19. On January 22, 2012, the McCords filed for bankruptcy relief in the Western

District of Kentucky Bankruptcy Court in Case No. 12-30245.

20. The McCords listed Bank of America, N.A. as one of their creditors. (Bank of America, N.A. purchased Countrywide Financial in 2008). The McCords did not reaffirm their home loan with Bank of America, N.A. or any other lender.

21. The Bankruptcy Court issued an order of discharge in the McCords' bankruptcy case on September 25, 2012.

22. In late April or early May of 2013, the McCords received notice that their home was scheduled to be sold at public auction on May 21, 2013.

23. Coincidently, on or about April 23, 2013, Resurgent contacted the McCords by telephone.

24. The Resurgent employee or representative who called the McCords identified herself as "Tanqunera" told the McCords that Resurgent had purchased their home loan from Bank of America.

25. The April 23, 2013 telephone conversation was Resurgent's initial communication with the McCords within the meaning of 15 U.S.C. § 1692g.

26. Tanqunera did not supply all the information required by § 1692e(11), in particular, Tanqunera did not inform the McCords that Resurgent was a debt collector and that Resurgent was attempting to collect a debt from them and that nay information obtained from them would be used for that purpose.

27. Tanqunera did not supply all the information required by § 1692g, in particular, Tanqunera did not inform the McCords of the total amount of the debt, she falsely stated that Resurgent was the original creditor the debt, and did not inform the McCords of any of their validation rights under § 1692g(a)(3-5).

28. Upon information and belief, Resurgent's statement that Resurgent had purchased the McCords' loan was false because Resurgent is the servicer of the McCords' loan with Bank of America.

29. As the servicer of the McCords' home loan and mortgage, Resurgent was acting as Bank of America's agent. *Thomas v. United States Bank Nat'l Ass'n*, 474 B.R. 450, 452 (D.N.J. 2012) (noting that "a mortgage holder is a lender which owns a homeowner's mortgage whereas a servicer is a separate entity that acts as the mortgage holder's agent to collect payments due on the mortgage"); *accord Green Tree Servicing LLC v. Sanders*, 2006 Ky. App. Unpub. LEXIS 345, 2, 2006 WL 2033668 (Ky. Ct. App. July 21, 2006); *see also In re Conde-Dedonato*, 391 B.R. 247, 251, 2008 Bankr. LEXIS 2013, 10 (Bankr. E.D.N.Y. 2008) (holding that a servicer is the agent of a bank with standing to file a proof of claim on behalf of the bank for which it serviced the loan); *cf. Kissinger v. Wells Fargo Bank, N.A.*, 888 F. Supp. 2d 1309, 1315 (S.D. Fla. 2012) (holding that a lender may be held vicariously liable for a loan servicer's violation of TILA) (citing cases).

30. The Resurgent employee or representative further told the McCords that their home would not be auctioned off and that current payment due was $895.00.

31. At the time of Resurgent's telephone call, the McCords had already begun packing and were preparing to move.

32. The McCords understood and believed that Tanqunera's representation that if they began making mortgage payments of $895.00 a month, the McCords would be allowed to retain and remain in their home for as long as they continued to make timely payments of $895.00 a month. .

33. After the telephone call with Resurgent, Resurgent sent the McCords a document titled "Annual Escrow Disclosure Statement" that showed a current balance due of $895.20 and

that the new payment of $1,529.96 was due as of July 1, 2013. (A copy of the Annual Escrow Disclosure Statement is attached as Exhibit "A").

34. The Annual Escrow Disclosure Statement is dated May 21, 2013.

35. Resurgent made the telephone call to the McCords on April 23, 2013 for purposes of advising the McCords concerning their rights obligations under the note and mortgage on their home.

36. Resurgent sent the McCords the Annual Escrow Disclosure Statement for purposes of advising the McCords concerning their rights obligations under the note and mortgage on their home.

37. The Annual Escrow Disclosure Statement was the first written communication that Resurgent sent the McCords.

38. The Annual Escrow Disclosure Statement was not sent within five days of Resurgent's initial communication with the McCords and does not include the information required by 15 U.S.C. § 1692g.

39. Resurgent attempted to collect a "debt" from the McCords within the meaning of the FDCPA by calling them and sending them the Annual Escrow Disclosure Statement listing the payment amount due on their home loan.

40. In May 2013, the McCords mailed Resurgent payment of $895.20, which Resurgent accepted. This payment was acceptance of Resurgent's offer to the McCords to allow them to keep and stay in their home as long as they continued to make regular monthly payments of $895.20.

41. The McCords continued to make payments according to the terms set forth in the "Annual Escrow Disclosure Statement."

42. In conjunction with making payments on the loan to Resurgent, the McCords

contacted Resurgent through counsel for purposes of applying for a loan modification. The McCords completed and submitted loan-modification forms available on Resurgent's official website at http://www.resurgentmtg.com/forms.

43. The McCords completed and submitted the required and requested forms to Resurgent.

44. As of the date of filing this first amended complaint, Resurgent has not replied to or corresponded with the McCords in connection with the loan modification forms.

45. On July 18, 2013, Resurgent sent the McCords a letter titled "Notice of Payment Received on a Delinquent Account." (A copy of the "Notice of Payment Received on a Delinquent Account" is attached as Exhibit "B").

46. The July 18th letter stated that the McCords were in default on their loan and were required to pay $53,835.28 to bring their loan current.

47. The July 18th letter falsely stated that Bank of New York as Trustee for CWALT 2005-73CB was the current creditor on the debt.

48. Resurgent, acting as Bank of America's agent, contacted the McCords in April of 2013 for purposes of inducing payment from them.

49. Resurgent, acting as Bank of America's agent, falsely led the McCords to believe that they would be able to keep and remain in their home if they made payments as set forth in the Annual Escrow Disclosure Statement it sent to the McCords.

50. Upon information and belief, Resurgent knew that making payments would not allow the McCords to stay in their home.

51. Under the facts of this case, both Resurgent and Bank of America are debt collectors within the meaning of the FDCPA, because the McCords' mortgage was undeniably in default

when Bank of America acquired the McCords' mortgage from the Bank of New York and the McCords' mortgage was default when Resurgent began servicing the McCords' mortgage. *See Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 359 (6th Cir. 2012) (holding that the defendant mortgage holder and loan servicer were subject to the FDCPA because they were attempting to collect a "debt" from the plaintiff within the meaning of the FDCPA because "[d]efendants sought collection [of a debt that] was already in default at the time they obtained it from [the prior mortgage holder]."

52. Since filing the original complaint in this action, Defendants scheduled the McCords' home for judicial sale on April 8, 2014.

## CLAIMS FOR RELIEF:

### Violation of the Fair Debt Collection Practices Act

53. The foregoing acts and omissions of Resurgent Mortgage Servicing and/or Bank of America constitute violations of the FDCPA, including, but not limited to:

    **a.** Violation of 15 U.S.C. § 1692e(2)(A): falsely representing that Resurgent had purchased the McCords' mortgage from the Bank of America and, alternatively, that the Bank of New York was the current creditor and mortgage holder, and that the McCords remained personally liable on a debt that was discharged in bankruptcy;

    **b.** Violation of 15 U.S.C. § 1692e(5): threatening "to take any action that . . . is not intended to be taken" by attempting to collect a debt from the McCords that was discharged in bankruptcy;

    **c.** Violation of 15 U.S.C. § 1692e(10): falsely representing that Resurgent had purchased the McCords' mortgage from the Bank of America and, alternatively, that the Bank of New York was the current creditor and mortgage holder, and that the McCords remained personally liable on a debt that was discharged in bankruptcy;

    **d.** Violation of 15 U.S.C. § 1692e(11): contacting the McCords for purposes of collecting a debt from them without identifying Resurgent a debt collector and not informing the McCords in Resurgent's initial oral communication that Resurgent was a debt collector attempting to collect a debt from them and any information obtained from them would be used for that purpose;

**e.** Violation of 15 U.S.C. § 1692f(1): attempting to collect principal and interest from the McCords on a debt they did not owe on grounds that the debt had been discharged in bankruptcy;

**e.** Violation of 15 U.S.C. § 1692f: using unfair and unconscionable means to collect a debt by taking advantage of the McCords' desire to keep their home by inducing payment from the McCords with no intent of allowing the McCorrds to resume their loan payments in order; and

**g.** Violation of 15 U.S.C. § 1692g: neither Resurgent nor Bank of America provided the McCords with the information required by the statute within five days of Resurgent's initial communication with the McCords.

54. Bank of America is vicariously liable for its agent's, Resurgent Mortgage Servicing, violations of the FDCPA.

**Fraud**

55. Resurgent Mortgage Servicing acting on behalf of and agent for Bank of America, N.A. (i) falsely represented to the McCords that payment to Resurgent would bring them current on their loan and remain in their home: this was a material representation; (ii) Defendants knew that this representation was false and had no intention of allowing them to resume payments in order to stay in their home; (iii) Defendants falsely represented to the McCords that they could resume payments on their home in order to induce payment from them; (iv) the McCords relied on Defendants' representation; and (v) the McCords were injured financially and emotionally as result of Defendants' false representations.

56. Bank of America is vicariously liable for its agent's, Resurgent Mortgage Servicing, fraudulent conduct toward the McCords.

**Negligent Misrepresentation**

57. In the normal course of business, Resurgent Mortgage Servicing acting on behalf of and agent for Bank of America, N.A. (i) supplied the McCords with false information concerning the status of their loan and payment obligations, (ii) Defendants supplied the McCords with false information for their guidance in performance of their rights and obligations under their home loan, (iii) Defendants were negligent or grossly negligent in the communication of this false information to the McCords, and (iv) the McCords were injured financially and emotionally as result of Defendants' false representations.

58. Bank of America is vicariously liable for its agent's, Resurgent Mortgage Servicing, negligent representations to the McCords.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs James and Edith McCord request the Court grant them relief as follows:

a. Award Plaintiffs actual damages;

b. Award Plaintiffs statutory damages;

c. Award Plaintiffs punitive damages;

d. Award Plaintiffs reasonable attorney's fees and costs; and

e. Such other relief as may be just and proper.

Respectfully Submitted,

*[signature]*

**James H. Lawson**
*Lawson at Law, PLLC*
4055 Shelbyville Road
Suite B
Louisville, KY 40207
Tel: (502) 473-6525
Fax: (502) 473-6561
james@kyclc.com